**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Evans,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Critter Control Operations Incorporated, *et al.*,<br><br>　　　　　　Defendants. | No. CV-22-02049-PHX-JJT<br><br>**ORDER** |

　　　　At issue is Plaintiff's Motion to Modify Prior Order Re Defendants' Motion for Summary Judgment ("Motion to Modify") (Doc. 222) and Defendants' Motion for Clarification Re Plaintiff's Self Titled 'Motion to Modify Prior Order Re Defendants' Motion for Summary Judgment' At Doc. 222 ("Motion for Clarification") (Doc. 230). For the following reasons, the Court will deny both Motions.

　　　　Plaintiff requests the Court modify the part of its Order (Doc. 202) that dismissed Plaintiff's claim for punitive damages. (Doc. 222 at 2–3.) Plaintiff files the Motion to Modify pursuant to Rule 54(b). (*Id.* at 4.) Alternatively, Plaintiff requests the Court modify the Order under its inherent authority to modify interlocutory orders. (*Id.*) For Defendants' part, they request clarification as to whether this Court will treat Plaintiff's Motion to Modify as a motion for reconsideration under Local Rule 7.2(g), and if so, requests leave to file a responsive memorandum. (Doc. 230 at 1–2.)

　　　　A party's motion that seeks reconsideration of a ruling that has not resulted in a final judgment is evaluated under Federal Rule of Civil Procedure 54(b). *Sonoma Cty. Ass'n of*

*Retired Emples. v. Sonoma Cty.*, No. C 09-4432 CW, 2015 U.S. Dist. LEXIS 53081, *9 (N.D. Cal. Apr. 22, 2015). "The District of Arizona adopted Local Rule 7.2(g) to implement and supplement Rule 54(b), and, thus, a litigant seeking relief under Rule 54(b) must comply with Local Rule 7.2(g)'s requirements." *FTC v. Noland*, No. CV-20-00047-PHX-DWL, 2022 U.S. Dist. LEXIS 55593, at *11 (D. Ariz. Mar. 28, 2022) (internal quotation marks and citation omitted). According to Local Rule 7.2(g), a motion for reconsideration must be filed no later than fourteen days after the date of the order it challenges, unless the party shows good cause. While Plaintiff maintains that "there is no time limit for a party to seek modification or recission of a court order," Plaintiff does not meaningfully grapple with, or even acknowledge, the express fourteen-day time limit set forth in Local Rule 7.2(g), nor does he identify caselaw, statute or rule that suggest a court's inherent authority eclipses its local rules.

Upon review of Plaintiff's Motion to Modify, the Court finds no good cause to justify Plaintiff's delayed reconsideration request. The Order was filed on July 24, 2025. Ninety-four days later, Plaintiff files his Motion to Modify. Plaintiff points to no recent changes to the case law or statute or newly discovered evidence that would justify his months' long delay in bringing forth this Motion.

Because Plaintiff untimely filed his Motion to Modify and presented no good cause for the delay, the Court will deny the Motion to Modify. Defendants' Motion for Clarification is now rendered moot and will be also denied.

**IT IS ORDERED** denying Plaintiff's Motion to Modify Prior Order Re Defendants' Motion for Summary Judgment (Doc. 222).

**IT IS FURTHER ORDERED** denying Defendants' Motion for Clarification Re Plaintiff's Self Titled "Motion to Modify Prior Order Re Defendants' Motion for Summary Judgment" At Doc. 222 (Doc. 230) as moot.

Dated this 17th day of November, 2025.

Honorable John J. Tuchi
United States District Judge