**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Evans, | No. CV-22-02049-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Critter Control Operations Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Jon Evans' Motion for Reconsideration of Order Re Punitive Damages (Dkt. #231) ("Motion for Reconsideration") (Doc. 236). For the reasons below, the Court will deny the Motion for Reconsideration.

**I.     BACKGROUND**

On July 24, 2025, the Honorable Susan R. Bolton dismissed Plaintiff's claim for punitive damages ("First Order"). (Doc. 202 at 17–18.) Eighty-four days later, Plaintiff filed his Motion to Modify Prior Order Re Defendants' Motion for Summary Judgment ("Motion to Modify") (Doc. 222) and cited Federal Rule of Civil Procedure 54(b) and the Court's inherent authority to reconsider interlocutory orders as the basis for the Court to rescind the part of the First Order dismissing Plaintiff's punitive damages claim. (*Id.* at 4.) In denying the Motion to Modify, the Court found it was untimely under Local Rule 7.2(g) and that Plaintiff failed to set forth good cause to justify the delay ("Second Order"). (Doc. 231.) Plaintiff now seeks reconsideration of the Court's Second Order. (Doc. 236 at 1, Doc. 237.)

## II. LEGAL STANDARD

A party's motion seeking reconsideration of a ruling that has not resulted in a final judgment is evaluated under Rule 54(b). *Sonoma Cty. Ass'n of Retired Emples. v. Sonoma Cty.*, No. C 09-4432 CW, 2015 U.S. Dist. LEXIS 53081, *9 (N.D. Cal. Apr. 22, 2015). "The District of Arizona adopted Local Rule 7.2(g) to implement and supplement Rule 54(b), and, thus, a litigant seeking relief under Rule 54(b) must comply with Local Rule 7.2(g)'s requirements." *FTC v. Noland*, No. CV-20-00047-PHX-DWL, 2022 U.S. Dist. LEXIS 55593, at *11 (D. Ariz. Mar. 28, 2022) (internal quotation marks and citation omitted). Local Rule 7.2(g) sets forth in detail the standard for a motion for reconsideration:

> (1) Form and Content of Motion. The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.
>
> (2) Procedure . . . Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion.

## III. ANALYSIS

Plaintiff urges the Court to reconsider its Second Order because it "sua sponte designated [the Motion to Modify] as a motion for reconsideration under LRCIv [sic] 7.2(g) and summarily denied it without reaching the merits because it was filed 83 days after the summary judgment order, beyond the fourteen-day limit set in LRCIv [sic] 7.2(g)." (Doc. 236 at 5–6). Plaintiff quotes the last sentence of Rule 54(b), which permits

the Court to reconsider interlocutory orders "at any time before the entry of a judgment." (Doc. 236 at 5 (emphasis omitted).) This argument is the same one that Plaintiff set forth in his Motion to Modify, and it similarly fails. As already noted by the Court (Doc. 231), the standard of Rule 54(b) is supplemented by Local Rule 7.2(g) in this District, and that Local Rule sets a fourteen-day limitation for filing motions for reconsideration unless the movant shows good cause for the delay. *See* LRCiv 7.2(g)(2); *Noland*, 2022 U.S. Dist. LEXIS 55593, at *11.

Plaintiff cites *ABS Entertainment, Inc. v. CBS Corporation* for the proposition that a district court local rule cannot be incompatible with Federal Rules. 908 F. 3d 405, 427 (9th Cir. 2018). (Doc. 237.) But Plaintiff does not persuade the Court that Local Rule 7.2(g) is incompatible with Rule 54(b). First, the time limitation is not impermeable; rather, it can be overcome by a showing of good cause. Therefore, the time limitation does not abridge a district court's inherent authority to reconsider interlocutory orders; it merely promotes efficient case administration. Second, several other Ninth Circuit districts impose the same requirement in their respective local rules. *See* C.D. Cal. L.R. 7-18; D. Idaho R. Civ. P. 11.2(b); D. Haw. L.R. 60.1; W.D. Wash. L.R. 7(h)(2); *see, e.g.*, D. Nev. L.R. 59-1(c) (imposing a "reasonable time" requirement). This widely adopted requirement cuts against Plaintiff's implication that Local Rule 7.2(g) is somehow "incompatible" with Rule 54(b). Third, Plaintiff sets forth no authority suggesting that the command of Local Rule 7.2(g) is abrogated by Rule 54(b). He therefore fails to show that the Court manifestly erred in applying the requirements of Local Rule 7.2(g) to ultimately deny Plaintiff's Motion to Modify.

In acknowledging the fourteen-day filing limitation, Plaintiff asserts that his untimely Motion to Modify was justified by good cause. First, Plaintiff claims he was justified because he relied on the words "at any time" in Rule 54(b). (Doc. 236 at 6.) This reliance does not excuse Plaintiff's noncompliance with this District's local rules, which "are not petty requirements, but have the force of law." *Campillo v. Quintero*, No. CV-16-

00775-DJH (DMF), 2017 U.S. Dist. LEXIS 1601, at *7-8 (D. Ariz. Jan. 4, 2017) (citing *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (internal quotation marks omitted)).

Second, Plaintiff claims he was justified in his delay because he relied on *Dietz v. Bouldin* and *City of L.A. v. Santa Monica BayKeeper*, both of which cite to the same language of Rule 54(b) as Plaintiff. (Doc. 236 at 6.) But this reliance does not explain Plaintiff's noncompliance with the Local Rules. And while both cases cite Rule 54(b) language, neither directly interprets or applies Rule 54(b) in jurisdictions that supplement that Rule with their respective local rules. *Dietz v. Bouldin*, 579 U.S. 40 (2016) (discussing Federal Rule of Civil Procedure 51(b)(3)); *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (discussing Federal Rule of Civil Procedure 60) (citing *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973)).

Third, Plaintiff quotes a recent unpublished Ninth Circuit memorandum decision that cited the same Rule 54(b) language as Plaintiff. *Auto. Indus. Pension Tr. Fund v. Toshiba Corp.*, No. 24-3888, 2025 LX 360935, at *5 (9th Cir. Aug. 18, 2025), *aff'g In re Stoyas*, 734 F. Supp. 3d 1000, 1005 (C.D. Cal. 2024). (Doc. 236 at 7.) There, the Ninth Circuit affirmed the district court's reconsideration of its interlocutory order in light of new, intervening authority interpreting operative language at issue in that case. *Auto. Indus. Pension Tr. Fund*, 2025 LX 360935, at *5. This decision, however, is inapposite. The issue here is one of untimeliness, not whether recently emerging authority justifies reconsideration. Aside from quoting a portion of the decision, Plaintiff offers no explanation as to how it justifies his delay.

It appears that Plaintiff's proffered "good cause" for delay is that he relied on Rule 54(b)'s language—and cases quoting that language—rather than observing Local Rule 7.2(g)'s requirements. It is unclear whether Plaintiff's noncompliance arose from neglect or from unawareness of the rule. Either way, the "[f]ailure to follow . . . the Local Rules of Civil Procedure . . . does not constitute good cause." *Fed. Home Loan Mortg. Corp. v. Madison*, No. CV-09-1508-PHX-GMS, 2011 U.S. Dist. LEXIS 75253, at *4 (D. Ariz. July 12, 2011); *Mopecha v. Unknown Romo*, No. CV-24-02663-PHX-JAT, 2025 LX 228741,

at *3 (D. Ariz. July 21, 2025) (denying an untimely motion for reconsideration pursuant to LRCiv 7.2(g)); *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) ("[A] lawyer's mistake of law in reading a rule of procedure is not a compelling excuse.")

## IV. CONCLUSION

Each Local Rule is crafted to ensure fair and efficient judicial process and protect against unwarranted delays. *See, e.g.*, *Zambrano v. Tustin*, 885 F.2d 1473, 1484 (9th Cir. 1989) (". . . [W]hen lawyers and litigants ignore the procedures established by the court, they invite delay and conflict into the courtroom."); Fed. R. Civ. P. 1. The time limitation imposed by Local Rule 7.2(g) accomplishes just that by motivating the parties to seek prompt reconsideration of an interlocutory order after the basis for reconsideration arises. If the motion is untimely, a party is not permanently obstructed from raising his motion for reconsideration—he must merely show good cause for the delay. Here, Plaintiff fails to show good cause justifying his untimely Motion to Modify. He also fails to persuade this Court that the Second Order was manifest error or that new facts or legal authority now exist that could not have been brought to its attention earlier with reasonable diligence. *See* LRCiv 7.2(g)(1). Accordingly, the Court will deny the Motion for Reconsideration. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules . . .").

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Reconsideration of Order Re Punitive Damages (Dkt. #231) (Doc. 236).

Dated this 3rd day of December, 2025.

Honorable John J. Tuchi
United States District Judge